FILED
JAN. 18, 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISTUAN RUZSA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-03284 (UNA) |
| ) | |
| STANLEY STEEMER CO., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff initiated this matter on December 9, 2021, by filing a *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. Plaintiff failed, however, to provide his full residence address, in contravention of D.C. LCvR 5.1(c). The court issued an order providing plaintiff with 30 days to either provide a full residence address or, alternatively, file a motion setting forth reasons to use the P.O. Box address. *See* Order (Dec. 28, 2021), ECF No. 3. Plaintiff has since filed a timely response, ECF No. 4, in compliance with the court's order. Therefore, the court may turn now to review the complaint. For the reasons explained herein, the court will grant plaintiff's pending IFP application and dismiss this matter without prejudice.

Plaintiff, a resident of Orlando, Florida, has filed a 236-page prolix complaint against numerous defendants, all of whom are located in Florida. The complaint is far from a model in clarity and consists of rambling ruminations regarding the background of plaintiff's personal life and health history. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir.

2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

To the extent it can be understood, the complaint brings claims of conspiracy and fraud against various actors once involved with plaintiff's worker's compensation claim, including his former employer, Stanley Steemer, as well as various insurance companies, attorneys, and Florida state administrative agencies. He seeks 100 million dollars in damages. However, he has failed to establish subject matter jurisdiction in this court.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff's dissatisfaction with the outcome of his state worker's compensation claim does not raise a federal question. And all of the parties are located in Florida, so there can be no diversity jurisdiction. Moreover, there is absolutely no connection raised between the subject matter of this lawsuit, or the parties, to the

District of Columbia, therefore, plaintiff has also failed to establish venue.  *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a).

Finally, plaintiff admits that he has filed, albeit unsuccessfully, substantially similar lawsuits to the instant matter, and attaches existing determinations from various other federal courts and the United States Supreme Court.  To the extent that he seeks to revisit determinations of those courts, he may not do so. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts"), citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

For all of these reasons, this case will be dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date: January 18, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge